**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0940-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ELIJAH ANTHONY,

     Defendant-Appellant.

_____

Submitted February 12, 2019 – Decided  February 22, 2019

Before Judges Fisher and Hoffman.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 16-05-0413.

Joseph E. Krakora, Public Defender, attorney for appellant (John W. Douard, Assistant Deputy Public Defender, of counsel and on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Christopher W. Hsieh, Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

At 3:00 a.m., on February 23, 2015, a Passaic County Sheriff's Department detective encountered a minivan stopped in the middle of Kuller Road in Clifton. The vehicle's lights were off but its engine running, and defendant was observed urinating on a nearby building. The detective stopped his vehicle and, in response to his inquiry, defendant said he was waiting for AAA. The detective asked for defendant's identification and noticed defendant had bloodshot and watery eyes; the detective also smelled alcohol. Defendant failed a field sobriety test and was arrested for driving while under the influence, N.J.S.A. 39:4-50 (DWI). Further investigation revealed that defendant's driving privileges were suspended; he was charged with operating a motor vehicle during a period of license suspension, N.J.S.A. 2C:40-26(b).[1]

In his opening statement, defense counsel argued to the jury that earlier than the detective's encounter with defendant, other officers had arrived at the scene. According to defense counsel's opening, these other officers "waited there for about a half an hour, and then, they drove away" without issuing a summons or making an arrest. The prosecutor objected and, at the close of the

---

[1] N.J.S.A. 2C:40-26(b) makes it a fourth-degree offense, with a mandatory incarceration period, "to operate a motor vehicle during the period of license suspension in violation of [N.J.S.A. 39:3-40], if the actor's license was suspended or revoked for a second or subsequent violation of [N.J.S.A. 39:4-50] or [N.J.S.A. 39:4-50.4(a)]."

State's case, the judge conducted a N.J.R.E. 104 hearing. At the hearing, one of the officers who arrived earlier testified he had no recollection but acknowledged police records revealed he arrived at the location at 1:19 a.m., and stayed twenty-two minutes before leaving without taking action. Another officer testified at the N.J.R.E. 104 hearing that he also had no recollection but records revealed he arrived at 1:30 a.m. and stayed fourteen minutes without taking action. Finding no connection between these other officers' earlier uneventful encounters with defendant and any conceivable defense to the N.J.S.A. 2C:40-26(b) charge, the judge denied defendant the opportunity to call those two officers to testify before the jury.

Defendant was convicted as charged and sentenced to a 180-day jail term, a two-year probationary period, a ten-year license suspension, and other monetary penalties. He appeals, arguing in a single point:

> THE JUDGE DEPRIVED DEFENDANT OF HIS RIGHTS TO PRESENT A DEFENSE, TO DUE PROCESS, AND TO A FAIR TRIAL BY IMPROPERLY PRECLUDING DEFENSE COUNSEL FROM INTRODUCING EVIDENCE THAT POLICE OFFICERS HAD EARLIER ARRIVED AT THE SCENE AND FOUND NO CRIME WAS BEING COMMITTED.

We find insufficient merit in this argument to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

A-0940-17T2

We add only that the offense for which defendant was convicted required proof of defendant's prior DWI convictions and the existing suspension period, as well as defendant's operation of a vehicle during the suspension period. That defendant was not seen behind the wheel of his vehicle did not preclude a finding that he was operating the vehicle. State v. Ebert, 377 N.J. Super. 1, 11 (App. Div. 2005) (holding that operation may be established "by observation of the defendant in or out of the vehicle under circumstances indicating that the defendant had been driving"); see also State v. Mulcahy, 107 N.J. 467, 476 (1987). Defendant was alone and near the vehicle in the early morning hours, the vehicle was stopped in the middle of the road with its engine running, and defendant stated his reason for being there was that he was waiting for AAA. That was more than sufficient for a jury to find that he had operated the vehicle that night and had a further intention of operating as soon as AAA resolved whatever problem the vehicle had. The fact that these two other officers arrived at the same scene an hour or more earlier does not call into question whether defendant had been operating the vehicle while suspended, nor would it have had any arguable relevance to the other elements of the offense for which he was convicted.

A-0940-17T2

In short, defendant forcefully argues he was entitled to present a defense. That, of course, is true. But even now, defendant has not been able to articulate a defense to this particular charge that would be supported by the other officers' anticipated testimony that they were at the scene a short time earlier and had no recollection of the circumstances, although they acknowledged that no arrest was then made by them. These circumstances had no bearing on whether defendant violated N.J.S.A. 2C:40-26(b).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0940-17T2